UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| LAQUINTIN JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, et al., <br><br> Defendants. | No. 5:21-CV-023-H |

## OPINION AND ORDER

In January 2019, LaQuintin Johnson was involved in a two-vehicle accident. He alleges that the accident was caused by his Ford Fusion's defective accelerator pedal. In his view, the pedal became "stuck" and continued to accelerate against his wishes, eventually causing him to rear-end the car in front of him. Seeking recompense for his injuries, Johnson sued Ford and the used-car salesmen who had recently sold the allegedly defective Ford Fusion, asserting products-liability claims. Texas law, however, protects innocent sellers of defective products, so the defendants moved to dismiss the used-car salesmen as improperly joined. Ford also moved for summary judgment based on Johnson's failure to designate expert witnesses and to produce evidence on several elements of his products-liability claims. Johnson responded to the motions with two-page briefs, primarily resting on claims he never pled and photographs that are not in the record. Because there is no reasonable basis to predict that Johnson can recover against the salesmen, the Court grants the defendants' motions to dismiss. And because Johnson fails to designate a liability expert or produce any evidence on his claims, the Court grants Ford's motion for summary judgment.

1.      **Factual and Procedural Background**

This product-liability action arises from a vehicle accident involving a 2010 Ford Fusion. Ford Motor Company designed, manufactured, and assembled the Fusion. Dkt No. 1-2 at 10. Eventually, the Fusion ended up at Yes Indeed Car Lot, Inc. and was then purchased by someone other than plaintiff LaQuintin Johnson. Dkt. No. 1-2 at 42–43. Nonetheless, Johnson alleges that he was driving the Fusion in January 2019 when "the accelerator pedal's plastic attachment failed causing the accelerator to become stuck." *Id.* at 10. He alleges that the Ford Fusion accelerated at a high speed, causing him to rear-end the vehicle in front of him and sustain serious bodily injury. *Id.*

Almost two years later, Johnson sued Ford, Yes Indeed, and Yes Indeed's owner, Pete Chavez, in Texas state court, asserting products-liability, negligence, and gross-negligence causes of action. *Id.* at 10–15. Johnson raises several theories that all hinge on the alleged "safety defect in [the Fusion's] accelerator control pedal." *Id.* at 11. He claims that Ford "knew or should have known of the propensity of the accelerator control pedal to [become] disconnected or break without warning," that the defective pedal rendered the vehicle "unreasonably dangerous," and that the defective pedal caused his injuries. *Id.* at 11–13. Accordingly, in his view, Ford should be liable for its manufacture, design, and failure to warn of its defective product. *Id.* at 10–15. Johnson further claims that Yes Indeed "and/or" Pete Chavez are liable for negligent misrepresentation because they "knew or should have known" of the defective accelerator pedal, represented that the Fusion was safe, and failed to warn Johnson of the defective pedal. *Id.* at 14–15.

Ford timely removed, asserting jurisdiction under 28 U.S.C. §§ 1332 and 1441(a). Dkt. No. 1 at 3. But because Johnson, Yes Indeed, and Pete Chavez are all citizens of

Texas, Ford alleged in its notice of removal that Yes Indeed and Pete Chavez were improperly joined. *Id.* Thus, their inclusion as defendants would not defeat diversity jurisdiction. *Id.* Johnson never objected to Ford's removal. The Court entered a scheduling order requiring Johnson to file his expert witness designations by September 3, 2021. *See* Dkt. No. 7 at 4. Johnson failed to designate any expert witnesses by that date aside from the health care providers who treated his injuries. *See* Dkt. No. 11 at 4.

All three defendants moved to dismiss Yes Indeed and Pete Chavez as improperly joined. *See* Dkt. Nos. 9; 16. Johnson responded to Ford's motion to dismiss, arguing that it should be denied on the basis of Johnson's breach-of-implied-warranty claims. Dkt. No. 13. Johnson, however, never brought any such claims. *See* Dkt. No. 1-2. Ford also moved for summary judgment on two independent bases, arguing that its motion should be granted because (1) Johnson failed to designate a product-liability expert and (2) the key evidence in the case—the Ford Fusion—has been destroyed. Dkt. No. 8 at 7. Johnson responded to the summary-judgment motion. In his two-page response, he did not dispute his failure to retain a product-liability expert, and he produced zero evidence in support of his claims.

2.  **Legal Standards**

   A.  **Improper Joinder**

"A defendant may remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. Am. Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). The removing party bears the burden of establishing that federal jurisdiction exists over the controversy. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) (citations omitted), *aff'd and different holding modified by Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020). A removed case must be remanded

3

"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)). "To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). "A case may be removed pursuant to 28 U.S.C. § 1332 if there is complete diversity of citizenship and the amount in controversy is greater than $75,000 exclusive of interests and costs." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

When a defendant's removal rests on a claim of improper joinder, "the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Smallwood*, 385 F.3d at 576. The removing party must show either that "(1) there was actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court." *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 812 (5th Cir. 2021) (citing *Smallwood*, 385 F.3d at 573). Ford alleges improper joinder based on the second prong. Dkt. No. 9 at 11. For the second prong, the question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

4

In resolving allegations of improper joinder, the Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* But, in limited circumstances, "if it appears that the plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder, a district court can, in its discretion, pierce the pleadings and conduct a limited 'summary inquiry.'" *Williams*, 18 F.4th at 812–13 (quoting *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016)).

B. **Summary Judgment**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if a reasonable jury could enter a verdict for the non-moving party." *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020). The moving party "bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact," *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (citation omitted), and "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To decide a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018).

"Where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact

warranting trial." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 301–02 (5th Cir. 2020) (citation omitted). The movant, however, does not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., LP*, 864 F.3d 326, 335 (5th Cir. 2017) (per curiam) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "A fact is material if its resolution could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (citation and quotation marks omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014) (citation omitted).

When the moving party has met its burden, "the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Rather, the nonmovant must identify specific evidence in the record and articulate how the evidence supports its claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014); *see also* Fed. R. Civ. P. 56 (c)(1)(A). "This burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation and quotation marks omitted).

**3.     Analysis**

The Court first finds that defendants Yes Indeed and Pete Chavez were improperly joined, so Ford's removal was proper. Second, the Court finds that Ford's summary-judgment motion should be granted. Johnson produces zero competent summary-judgment

evidence supporting his claims, and he fails to designate expert witnesses that can testify to the products-liability claims.

### A. Improper Joinder

Texas law applies to this products liability action. *See Funches v. Progressive Tractor & Implement Co.*, 905 F.3d 846, 849 (5th Cir. 2018) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Under Texas law, a products liability action includes "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." Tex. Civ. Prac. & Rem. Code Ann. § 82.001. Thus, Johnson's allegations and theories, consistent with his own characterization, constitute a products liability action. *See* Dkt. No. 1-2 at 8 (Johnson stating that "[t]his is a negligence and strict products liability case").

Texas law also protects sellers of allegedly defective products for "all claims based on a defective product regardless of the legal theory asserted." *Rubin v. Daimler Chrysler Corp.*, No. CIV.A. H044021, 2005 WL 1214605, at *3 (S.D. Tex. May 20, 2005) (Rosenthal, J.). Section 82.003 of the Texas Civil Practices and Remedies Code provides that "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" that the seller falls under one of seven enumerated exceptions. § 82.003(a)(1)–(7). "In essence, § 82.003 denies, under the umbrella of products liability, recovery from a product seller who merely distributes a defective product." *Fowls v. Wal-*

*Mart Stores Texas, LLC*, No. 4:17-CV-02290, 2019 WL 2069575, at *2 (S.D. Tex. Mar. 27, 2019) (quoting *Alonso v. Maytag Corp.*, 356 F. Supp. 2d 757, 761 (S.D. Tex. 2005)).

      Because the innocent-retailer statute covers Yes Indeed and Chavez, and none of the statute's exceptions apply, the Court finds that there is no reasonable basis to predict that Johnson might be able to recover against them.  In his original petition, Johnson alleges that Yes Indeed and Chavez are liable for "negligent misrepresentations" and "Gross Negligence."  Dkt. No. 1-2 at 14–15.  On the other hand, the Defendants argue that "there is no reasonable basis" for the Court to predict that Johnson might be able to recover against Yes Indeed and Chavez because they are protected by Texas's innocent-retailer statute, and none of the statute's exceptions apply.  Dkt. No. 9 at 12–13; Tex. Civ. Prac. & Rem. Code § 82.003(a).  On this point, Johnson offers no response and does not even attempt to argue that any exceptions apply.  *See* Dkt. No. 13 at 1–2.  Rather, Johnson's response is limited to arguing that Ford failed to challenge allegations related to two claims—breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose—that Johnson never pled.  *Compare* Dkt. No. 1-2 at 14–15 *with* Dkt. No. 13 at 1–2.  The Court does not consider these post-removal, unpled causes of action in determining whether Yes Indeed and Chavez were improperly joined.  *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (1995) (holding that federal courts must assess jurisdiction at the time of removal).

      Texas's innocent-retailer statute provides that "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" that an exception applies.  Tex. Civ. Prac. & Rem. Code § 82.003(a).  Here, no exception applies.  First, Johnson has failed to provide any evidence that "the seller

participated in the design of the product," alleging only that Ford—not Yes Indeed or Chavez—designed the car. Dkt. No. 1-2 at 10; § 82.003(a)(1). Second, he fails to allege that Yes Indeed or Chavez "altered or modified" the car. § 82.003(a)(2). Third, Johnson fails to allege that Yes Indeed or Chavez "installed" the allegedly defective accelerator pedal in the car. § 82.003(a)(3).

Though Johnson appears to invoke the fourth exception to the innocent-retailer statute in his original petition, his efforts fall short. Under the fourth exception, sellers may be liable if "(A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product; (B) the warning or instruction was inadequate; and (C) the claimant's harm resulted from the inadequacy of the warning or instruction." § 82.003(a)(4). When a plaintiff fails to allege that the defendants "exercised substantial control over the [relevant] warnings," the fourth exception does not apply. *See Pan v. Sumitomo Rubber Indus., Ltd.*, No. H-18-1201, 2018 WL 3055773, at *5 (S.D. Tex. June 20, 2018) (Rosenthal, C.J.). Here, Johnson does not allege that Yes Indeed or Chavez exercised any control over the warnings or instructions that accompanied the vehicle regarding the accelerator pedal. Thus, the fourth exception does not provide a reasonable basis to hold Yes Indeed and Chavez liable.

Even if Johnson alleged that Yes Indeed and Chavez exercised substantial control over the content of the warning or instruction regarding the accelerator pedal, there is still no reasonable basis to predict that Johnson could recover against them. The Court may pierce the pleadings "if it appears that the plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder." *Williams*, 18 F.4th at 812–13 (quoting *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016)). Here, Johnson has omitted two discrete

facts—that he did not purchase the vehicle and that the vehicle was sold "as is"—that show joinder is improper under the fourth exception. Dkt. No. 1-2 at 42–43.

In this context, the "warning or instruction that accompanie[s] the product" to which Section 82.003(a)(4) refers could contemplate one of two things: written warnings or oral representations. With respect to written warnings, as mentioned, Johnson alleges no facts indicating that Yes Indeed or Chavez exercised any control—substantial or otherwise—over the content of the instruction manual or warnings that accompanied the vehicle regarding the accelerator pedal. Second, because the general written warning that the defendants produce expressly disclaims "any warranty" regarding possible vehicle defects, Johnson's harm could not have "resulted from the inadequacy of the warning." Dkt. No. 1-2 at 43; § 82.003(a)(4)(C). The "warning" included no representations of the vehicle's safety on which Johnson could have relied. Yes Indeed and Chavez expressly sold the vehicle "as is." Dkt. No. 1-2 at 43. Any possible oral representations allegedly made by Yes Indeed or Chavez to Johnson also fall outside the fourth exception. The undisputed evidence shows that Johnson never purchased the car from the defendants, indicating that he has no personal knowledge about any oral representations the defendants may or may not have made at the time of sale. *See* Dkt. No. 1-2 at 42–43. Johnson does not dispute the defendants' assertion that he "would not have received any warning had Yes Indeed and Chavez known of any reason to warn" because they sold the vehicle "'as is' to someone other than [Johnson]." Dkt. No. 9 at 14. Thus, Johnson also cannot show that his "harm resulted from the inadequacy of the warning or instruction." § 82.003(a)(4)(C). Whether the Court assesses the pleadings alone, or considers the defendants evidence, it finds that

Johnson has failed to show a reasonable basis for recovering from Yes Indeed or Chavez under the fourth exception.

Similarly, Johnson's vague assertions about Yes Indeed and Chavez's alleged representations also fail to invoke the fifth exception to the innocent-retailer statute. The fifth exception requires that Johnson "relied on the representation in obtaining or using the product." § 82.003(a)(5)(C). Johnson, unsurprisingly, has failed to allege such reliance, given that the undisputed evidence shows he did not purchase the vehicle from the defendants. Dkt. No. 1-2 at 42–43; *see* Dkt. No. 13.

Johnson has also failed to adequately plead a cause of action under the sixth exception, which requires actual knowledge. *See* § 82.003(a)(6). The sixth exception allows recovery against a nonmanufacturing seller that "(A) . . . actually knew of a defect to the product at the time the seller supplied the product," if "(B) the claimant's harm resulted from the defect." *Id.* Here, Johnson only alleges that Yes Indeed "and/or" Chavez "actually knew or reasonably should have known" that the car contained the defective accelerator pedal. Dkt. No. 1-2 at 14. Federal district courts in the Fifth Circuit have repeatedly affirmed that the sixth exception's "'actual knowledge' requirement means just what it says." *Ray v. FCA US LLC*, No. 2:17-CV-86, 2017 WL 3033425, at *4 (S.D. Tex. July 18, 2017) (collecting cases). Mere "allegations that a seller could or 'should have known of a defect'" are insufficient. *Id.* (quoting *Garcia v. Ford Motor Co.*, No. 1:12-CV-181, 2013 WL 12137090, at *3 (S.D. Tex. May 10, 2013)). Rather, the "language of section 82.003 clearly requires actual knowledge of the defect on the part of the seller." *Reynolds v. Ford Motor Co.*, No. 5:04-CV-085-C, 2004 WL 2870079, at *3 (N.D. Tex. Dec. 13, 2004).

Given the record and relevant authorities, Johnson has thus failed to show a "reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant[s]," Yes Indeed and Pete Chavez. *Smallwood*, 385 F.3d at 573.[1] Therefore, the Court grants the defendants' motions to dismiss (Dkt. Nos. 9; 16) and dismisses Yes Indeed and Pete Chavez under Rule 21 without prejudice as improperly joined parties. *See Pan*, 2018 WL 3055773, at *5; *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time.'") (quoting *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989)); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (explaining that improperly joined nondiverse parties must be dismissed without prejudice). Because Johnson and the remaining defendant—Ford—are diverse, removal was proper. *See* 28 U.S.C. §§ 1332, 1441(b). The Court now turns to Ford's motion for summary judgment.[2]

**B.     Summary Judgment**

   **i.     Johnson's failure to designate a liability expert is fatal to his claims.**

"Under Texas law, 'expert testimony is generally encouraged if not required to establish a products liability claim.'" *Sims v. Kia Motors, Inc.*, 839 F.3d 393, 409 (5th Cir. 2016) (quoting *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 42 (Tex. 2007)). That is why

---

[1] It is also undisputed that Yes Indeed and Pete Chavez are not necessary or indispensable parties under Rule 19. *See* Dkt. Nos. 9; 13 (raising no argument as to their dispensability). Indeed, they are dispensable because, as detailed above, there is no reasonable basis to predict that Johnson can recover against them. Further, a judgment rendered in their absence would not prejudice them—they also seek dismissal without prejudice (*see* Dkt. No. 16)—nor the other parties, and the judgment here is adequate to resolve the plaintiff's claims against the real defendants at issue. Thus, under Rule 19(b), they are not indispensable parties.

[2] Johnson has likewise not alleged that Ford is "insolvent" or that it is "not subject to the jurisdiction of the court." § 82.003(a)(7). Thus, the seventh exception does not apply.

12

"[p]roducts liability case are quintessentially expert cases." *Martinez v. Ethicon Inc.*, No. 7:19-CV-00164, 2020 WL 2113638, at *2 (S.D. Tex. May 1, 2020). Indeed, "failure to designate experts almost always leads to summary judgment." *Id.* (citing *Emery v. Medtronic, Inc.*, 793 F. App'x 293, 296 (5th Cir. 2019)); *see also Sterling v. United States*, 834 F. App'x 83, 87 (5th Cir. 2020) (upholding summary judgment where the plaintiff failed to designate expert witnesses).

Specifically, Texas law requires expert testimony "when an issue involves matters beyond jurors' common understanding." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006). "Summary judgment is generally appropriate if a plaintiff fails to designate experts in a products-liability action, because the plaintiff 'cannot raise a genuine issue of material fact concerning key elements of [that party's] products liability claim.'" *Miles v. Fiat Chrysler Automobiles FCA US LLC*, No. CV H-20-2479, 2021 WL 1599361, at *3 (S.D. Tex. Apr. 23, 2021) (Rosenthal, C.J.) (quoting *Mack Trucks*, at 583). Consistent with other district courts in Texas, the Court find that Johnson's failure to designate an expert that could establish his product-liability claims entitles Ford to summary judgment. *See id.* at *3–*4 (granting summary judgment in a products-liability vehicle-collision case when the plaintiff failed to designate experts); *Martinez*, 2020 WL 2113638, at *2–*4 (finding that the plaintiff's failure to designate experts entitled the defendant to summary judgment on the plaintiff's product defect, manufacturing defect, failure to warn, and negligence claims).

Here, Johnson had until September 3, 2021 to designate expert witnesses, and the only expert witnesses he designated were healthcare providers who could testify to the medical treatment he received. *See* Dkt. Nos. 7 at 4; 11 at 4. Neither the record nor his response to Ford's summary-judgment motion shows that he designated any liability experts

13

—who could testify about the pedal, the vehicle, or the cause of the accident—or that he ever moved to do so. *See* Dkt. No. 11 at 4; Dkt. No. 12 (failing to contest Ford's assertions that Johnson had no liability experts).

Johnson's products-liability claims are based on his allegation that the accelerator pedal was defective because the pedal became stuck. No. 1-2 at 10. Evaluating these claims under strict liability and negligence theories yields the same result: expert testimony is required. "To make out a strict liability cause of action, a party must establish that: (1) a product is defective; (2) the defect rendered the product unreasonably dangerous; (3) the product reached the consumer without substantial change in its condition from the time of original sale; and (4) the defective product was the producing cause of the injury to the user." *Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 806 (S.D. Tex. 2011) (quoting *Syrie v. Knoll Int'l*, 748 F.2d 304, 306 (5th Cir. 1984)). In other words, establishing a defect is "central to any products liability action," and the defect must be the "producing cause" of the injury. *Id.* at 806–07 (quoting *Rodriguez v. Hyundai Motor Co.*, 944 S.W.2d 757, 769 (Tex. App.—Corpus Christi 1997), *rev'd on other grounds by Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661 (Tex. 1999). Johnson's negligence theories, including gross negligence, "are subsumed by the strict liability theories asserted." *Id.* at 808 (citing *Kallassy v. Cirrus Design Corp.*, 2006 WL 1489248, at *4 (N.D. Tex. 2006) (citing *Garrett v. Hamilton Standard Controls, Inc.,* 850 F.2d 253, 257 (5th Cir. 1988))). And all of his claims, including allegations of Ford's failure to warn, "are dependent on the [accelerator pedal] being unreasonably dangerous due to a defect." *Id.* at 808. In sum, "[w]hether applying the law of strict liability or negligence, Texas law requires that the defect or the negligent actions must be a producing and proximate cause of the accident." *Horak v. Pullman, Inc.*, 764 F.2d

1092, 1095 (5th Cir. 1985); *see also Kallassy*, 2006 WL 1489248, at *3 ("Both negligent manufacturing and negligent design require a showing of dangerous product.").

Because the alleged defect in the pedal and the cause of the alleged acceleration both involve "matters beyond jurors' common understanding," expert testimony is required. *See Mack Trucks*, 206 S.W.3d at 583.  These determinations require specialized and technical knowledge.  *See Samuell v. Toyota Motor Corp.*, No. MO-13-CV-47, 2015 WL 1925902, at *5 (W.D. Tex. Apr. 27, 2015) (finding that proof of a defect in a modern automobile "require[s] significant specialized knowledge beyond anything that could be considered general experience or common understanding").  Without expert testimony, Johnson cannot show that "a safer alternative design existed," which defeats his design-defect claim. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009).  Lack of expert testimony likewise defeats his manufacturing and marketing defect claims because he has produced no evidence of causation.  *See Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 751 (5th Cir. 2018) (requiring expert testimony when plaintiff alleged that a design defect and a marketing defect caused an engine fire in his vehicle).

Moreover, in similar "unintended acceleration" cases, "it [has] not [been] enough that a vehicle accelerated when claimants sw[ear] they had done nothing." *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004).  Rather, the Supreme Court of Texas has "consistently required competent expert testimony and objective proof that a defect caused the acceleration [and] [t]he courts of appeals have done the same, holding liability cannot be based on unintended acceleration alone, on lay testimony regarding its cause, or on defects not confirmed by actual inspection." *Id.* (citations omitted).  Moreover, because "other possible causes must be ruled out," expert testimony is required. *Id.* (citing *Ford Motor Co. v.*

*Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004)). Thus, the Court finds that Johnson's failure to designate any liability experts is fatal to his claims.[3]

        ii.        **Even if the plaintiff's failure to designate a liability expert was not fatal, summary judgment would still be appropriate because the plaintiff has offered no evidence to support his claims.**

Because Ford has pointed to the absence of evidence (Dkt. No. 8 at 19), the burden shifts to Johnson to identify specific evidence in the record supporting his claims. *See Lyons*, 964 F.3d at 301–02; *see also* Fed. R. Civ. P. 56 (c)(1)(A). He has failed to do so. Some Texas courts have held that "[i]f the plaintiff has no evidence of a specific design defect or manufacturing defect," through expert testimony, for example, "he may offer evidence of the product's malfunction as circumstantial proof of the defect. *Sipes v. Gen. Motors Corp.*, 946 S.W.2d 143, 155 (Tex. App.—Texarkana 1997, writ denied). Johnson, however, has produced no evidence of the accelerator-pedal defect he alleges in his original petition. In fact, he has not produced any evidence whatsoever. Rather, in response to the summary-judgment motion he refers to two claims, which he has not pled, and asserts that he produced photographs of the broken accelerator pedal to the defendants. *See* Dkt No. 12. These photos are not in the record. Nor is any evidence of the pedal's alleged defect. In other words, he failed to "identify specific evidence in the record" and show how it supports his pled claims. *Willis*, 749 F.3d at 317. Nothing in the record supports any of the "unsubstantiated assertions" in Johnson's original petition. *Boudreaux*, 402 F.3d at 540.

---

[3] Johnson does not even attempt to refute the notion that his failure to designate a liability expert is fatal. His two-page response to the summary-judgment motion omits any discussion of the issue. *See* Dkt. No. 12.

Thus, no reasonable jury could find for Johnson. *See Doe*, 964 F.3d at 358.[4]

Even if referring to photographs were sufficient under the summary-judgment standard, which it is not, these particular photographs only allegedly show the "broken accelerator pedal." Dkt. No. 12 at 2. Showing that the pedal—just one part of an otherwise wrecked car—is broken after a high-speed collision does not raise a fact issue on the cause of the crash or whether the pedal was defective in the first instance. It merely shows that an accident occurred and that the pedal broke as a result. And even if the pedal actually failed, "Texas law does not generally recognize a product failure standing alone as proof of a product defect." *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 807 (Tex. 2006). Rather, Texas courts have repeatedly held that "[t]he mere fact that an accident occurred is not sufficient proof that the automobile was defective." *Romo*, 798 F. Supp. 2d at 809 (quoting *Hernandez v. Nissan Motor Corp. in U.S.A.*, 740 S.W.2d 894, 895 (Tex. App. 1987), writ denied (Mar. 23, 1988)). Thus, summary judgment is appropriate.

**4.     Conclusion**

For the above stated reasons, the Court grants the defendants' motions to dismiss Yes Indeed and Pete Chavez (Dkt. Nos. 9; 16) and grants Ford's motion for summary judgment (Dkt. No. 8). The Court will issue a separate judgment to that effect.

---

[4] Perhaps Johnson has produced no evidence because the Fusion itself—the key evidence in this case—was destroyed by a recycling company eight months before Johnson filed suit. Dkt. No. 11 at 14. This may also explain why Johnson failed to retain a liability expert. *See, e.g.*, *Glover v. Ford Motor Co.*, No. W-96-CA-207, 1997 WL 106110, *4 (W.D. Tex. Jan. 27, 1997) (holding the expert's testimony inadmissible in part because he never physically inspected the vehicle at issue).

So ordered on May 10, 2022.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE